UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HANEEF SHAKEEL JACKSON-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 2:22-cv-00469-JPH-MG ) |
| THREE UNKNOWN FEDERAL AGENTS, | ) ) |
| Defendant. | ) |

**Order Screening the Complaint and Directing Service of Process**

Haneef Shakeel Jackson-Bey, an inmate at United States Penitentiary Terre Haute, brings this lawsuit against Three Unknown Federal Agents under the theory set forth in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because Mr. Jackson-Bey is a "prisoner," the Court must screen his complaint pursuant to 28 U.S.C. § 1915A before directing service on the defendants.

**I. Screening Standard**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and are not held to the same stringent standards as pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Jackson-Bey names Three Unknown Federal Agents as defendants. He is seeking injunctive relief and compensatory damages. Dkt. 1 at 4. The complaint alleges the following:

In September 2010, Mr. Jackson-Bey pleaded guilty to sex trafficking an adult woman in the Northern District of Indiana under Case No. 2:09-cr-43-4. Dkt. 2 at 4.

In 2010, the Federal Bureau of Investigation ("FBI") stated in a news release on its website that Mr. Jackson-Bey was convicted of sex trafficking a child.[1] Around the same time, the United States Marshals Service ("USMS") published in an official government document stating that Mr. Jackson-Bey was convicted of sex trafficking children. Dkt. 2 at 4.

When Mr. Jackson-Bey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, claiming that his defense attorney was ineffective for advising him that his guilty plea would not result in a conviction for sex trafficking children, the Northern District of Indiana denied his petition, reasoning that:

> Jackson-Bey's argument that [his attorney] gave Ineffective Assistance of Counsel when he told the Defendant he 'would not be charged with sex trafficking children' fails. The charge in the superseding indictment, and the one discussed in the plea agreement and at the change of plea hearing, all contained the same accurate information (which mimicked counsel's advice), advising Jackson-Bey that he was pleading guilty to sex trafficking by means of force, fraud, and coercion. Under 18 U.S.C. § 1591(a)(1), the Government did not have to prove that the victim was under 14 years of age, and Defendant was never charged with that offense.

*Id.* at 5; *see also United States v. Jackson-Bey*, 2012 WL 209159 at *7, Case Nos. 2:09-cr-43, 2:11-cr-307 (N.D. Ind. January 23, 2012).

---

[1] https://archives.fbi.gov/archives/indianapolis/press-releases/2010/ip120710.htm ("Haneef Jackson-Bey was sentenced to 180 months' imprisonment after pleading guilty to sex trafficking of children and aiding and abetting") (lasted visited February 28, 2023).

### III. Discussion

"A class-of-one equal protection claim is cognizable where an individual alleges that he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Liberally construed, the complaint plausibly states that Mr. Jackson-Bey has been irrationally singled out by the Government in violation of his right to due process through the publication of false statements identifying him as a convicted child sex trafficker. His due process claim for injunctive relief **shall proceed**.

Mr. Jackson-Bey's claims for damages, however, are **dismissed**. He seeks to proceed on the theory in *Bivens*, where the United States Supreme Court allowed private claims for damages against federal officials in their individual capacities for violations of the Fourth Amendment. The Court later extended the *Bivens* theory to a federal prisoner's claims for deliberate indifference to a serious medical need, *see Carlson v. Green*, 446 U.S. 14 (1980); and a congressional employee's due process claim of gender discrimination, *see Davis v. Passman*, 442 U.S. 228 (1979).

Over the last four decades, however, the Court has steadfastly refused to extend *Bivens* to any other cause. *See Egbert v. Boule*, 142 S. Ct. 1793 (2022) (collecting cases). Recognizing a new *Bivens* action is now "a disfavored judicial activity" and when asked to recognize a *Bivens* action, the Court's "watchword is caution." *Id.* at 1803.

When asked to recognize a new *Bivens* action, courts engage in a two-step inquiry: first, does the case involve a new *Bivens* context, which is two say, is it "meaningfully different from" *Bivens, Carlson*, and *Passman*; second, are there "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the cost and benefits of allowing a damages action to proceed." *Id.*

Engaging in this two-step inquiry, the Court finds that Mr. Jackson-Bey's damages claims involves a new *Bivens* context. The only previously recognized due process *Bivens* claim arose in *Passman*, where a Congressional staffer brought a due process claim for gender discrimination against her employer. By contrast, Mr. Jackson-Bey's due process claim involves a "class-of-one" due process theory against law enforcement officials based on allegedly defamatory statements about the nature of his convictions. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, (2017) (holding that prisoners' due process claims for racial, religious, and national origin discrimination involved a new *Bivens* context).

The Court also finds that there are special factors cautioning against permitting a claim for damages in this new context. First, Congress had the opportunity to provide a private cause of action against the Government for defamation by federal officials and expressly declined to do so. *See Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998) (observing that the Federal Tort Claims Act prohibits suits against the Government for defamation (citing 28 U.S.C. § 2680(h))). Second, Mr. Jackson-Bey's rights could be vindicated through his claim for injunctive relief. *See Abbasi*, 137 S. Ct. at 1862 (noting that *Bivens* actions are most appropriate where the plaintiff's options are "damages or nothing").

For these reasons, the Court declines to recognize an implied cause of action for Mr. Jackson-Bey's "class-of-one" due process claims, and his claims for damages are **dismissed**.

## IV. Further Proceedings

Mr. Jackson-Bey's "class-of-one" due process claim **shall proceed** as a claim for injunctive relief only. The **clerk is directed** to substitute the United States Department of Justice as the sole defendant in this action. The DOJ appears well positioned to provide the requested relief, if such relief is warranted.

The **clerk is directed** to issue a single summons to the United States attorney for this district and the Attorney General of the United States at Washington, D.C., pursuant to Fed. R. Civ. P. 4(i)(1). The Marshal for this District is directed to **serve** the summons and the complaint, dkts. [1] and [2], by registered or certified mail at the expense of the United States.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Date: 3/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HANEEF SHAKEEL JACKSON-BEY
10320-027
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808