UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HANEEF SHAKEEL JACKSONBEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00469-JPH-MG |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO PROCEED ON APPPEAL *IN FORMA PAUPERIS***

Haneef Shakeel Jacksonbey, a federal prisoner at USP Terre Haute, brings this lawsuit alleging that the Federal Bureau of Investigation stated in a press release on its website that he was convicted of sex trafficking a child, when in reality he was convicted of sex trafficking an adult.

The Court issued an Order screening the complaint pursuant to 28 U.S.C. § 1915A. Mr. Jacksonbey's claim for injunctive relief under a class-of-one equal protection theory was allowed to proceed against the United States Department of Justice. (Docket Entry 11 at 3). His *Bivens* claim for damages based on these same allegations was dismissed. *Id.* (citing *Egbert v. Boule*, 142 S. Ct. 1793 (2022)). The Court has issued a summons to the Department of Justice, and this case remains pending.

Mr. Jacksonbey has filed a Notice of Appeal contesting the dismissal of his *Bivens* claims. (Docket Entry 16). He also filed a motion to proceed on appeal *in*

*forma pauperis* in the Seventh Circuit, which has been redocketed in this action. (Docket Entries 20, 20-1).

This action remains pending in the District Court, and the Order screening the complaint is not a "final decision" under 28 U.S.C. § 1291. *See Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 661 (7th Cir. 1998) ("The baseline principle for appealability is the final judgment rule, as embodied in section 1291 of Title 28, which provides that a court of appeals 'shall have jurisdiction of appeals from all final decisions of the district courts of the United States.' A decision is final where it 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'") (internal citations removed).

Nor is the screening order immediately appealable under the collateral order doctrine, as Mr. Jacksonbey may appeal the dismissal of his *Bivens* claims following the issuance of final judgment. *See Montano v. City of Chicago*, 375 F.3d 593, 598 (7th Cir. 2004) (To appeal a collateral order, "[t]he order must: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merit of the action, and (3) be effectively unreviewable on appeal from a final judgment"); *Abelesz v. OTP Bank*, 692 F.3d 638, 649 (7th Cir. 2012) ("The collateral order doctrine is a narrow exception that must remain narrow so that it does not supercede the general rule "that a party is entitled to a single appeal, to be deferred until final judgment has been entered.").

It appears that at present the Seventh Circuit lacks jurisdiction to hear Mr. Jacksonbey's appeal. Therefore, his motion to proceed *in forma pauperis* on

appeal, Docket Entry [20], is **denied without prejudice**. The Court will reconsider this Order if directed to do so by the Seventh Circuit, or if Mr. Jacksonbey files a notice of appeal and a motion to proceed on appeal *in forma pauperis* after final judgment.

**SO ORDERED**.

Date: 5/22/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HANEEF SHAKEEL JACKSONBEY
10320-027
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808