UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HANEEF SHAKEEL JACKSONBEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00469-JPH-MG |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO DISMISS**

Defendant United States Department of Justice has filed a motion to dismiss the class-of-one equal protection complaint of Plaintiff Haneef Jackson-Bey, dkt. [29]. For the reasons stated below, that motion is **DENIED**.

## I. Background

In 2010, Plaintiff was convicted in federal court of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1), and aiding and abetting in violation of 18 U.S.C. § 2. Plaintiff was not convicted of any offenses related to trafficking of children, as the district court reviewing his § 2255 motion confirmed. *See United States v. Jackson-Bey*, 2012 WL 209159, at \*7 (N.D. Ind. Jan. 23, 2012). However, after Plaintiff's conviction and sentencing the FBI issued a press release stating in part, "Haneef Jackson-Bey was sentenced to 180 months' imprisonment after pleading guilty to sex trafficking of children . . .

1

. ."[1] Additionally, the United States Marshals Service incorrectly notated in its custody information for Plaintiff that he had been convicted of "Sex Trafficking of Children . . . ." Dkt. 2, p. 4.

On October 20, 2022, Plaintiff filed a complaint against Three Unknown Federal Agents. Dkt. 1. The complaint alleges that Plaintiff's public naming by the government as an offender against children, which is accessible world-wide on the internet, has significantly harmed his reputation and imposed a stigma greater than would be associated with the crimes of which he actually was convicted. The complaint further states that before filing suit, he sent a "cease and desist" letter to the defendants' place of employment, requesting the removal of the incorrect information and also stating, "Failure to abide by this Notice will be deemed as [their] intent to maliciously publish and provide false information . . . ." Dkt. 2 at 5. Plaintiff seeks injunctive relief, plus damages in the amount of $120 million "for the damages incurred to his person and reputation due to the ACTUAL MALICE and RECKLESS DISREGARD of the Defendant's slander . . . ." *Id.* at 8. This Court subsequently screened Plaintiff's complaint and ordered dismissal of his claims for damages as an impermissible expansion of a *Bivens* remedy but allowed his claims for injunctive relief to proceed as a class-of-one equal protection claim against the Department of Justice. Dkt. 11.[2]

---

[1] The news release has been archived and is still publicly available as of the date of this Order: https://archives.fbi.gov/archives/indianapolis/press-releases/2010/ip120710.htm.

[2] Plaintiff has filed a motion asking this Court to reconsider dismissal of his damages claims, dkt. 15, and a subsequent request for a ruling on that motion, dkt. 41. The Court shall address those motions by separate order.

Defendant has filed a motion to dismiss under Fed. Rule Civ. P. 12(b)(6) for failure to state a claim, asserting that Plaintiff's action is time barred under the applicable two-year Indiana statute of limitations. Dkt. 30, pp. 3-4. Defendant alleged that Plaintiff learned of the labeling of him as a child sex trafficker no later than 2011. In his response to Defendant's motion, Plaintiff disputed this assertion and claimed he did not learn of the federal government's actions until 2021 or 2022. Dkt. 31, p. 2. Then, in its reply, Defendant "abandon[ed]" its assertion that Plaintiff's complaint was time barred and now claims that Plaintiff failed to sufficiently allege the necessary elements required to support his class-of-one equal protection claim. Dkt. 34, p. 2.

## II. Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "plausibility" standard requires more than a "sheer possibility that a defendant has acted unlawfully" but less than a "probability requirement." *Id.* In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018).

The basic elements of a class-of-one equal protection claim against a government actor are: (1) intentional differential treatment of a plaintiff from others similarly situated; and (2) a lack of any rational basis for the differential treatment. *Village of Willbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). What it takes to sufficiently plead such a claim is not crystal clear, however. *See Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc) (reaching no majority opinion but recognizing that the "law concerning 'class of one' equal-protection claims is in flux").

Defendant first asserts that Plaintiff has failed to sufficiently allege that he was treated any differently from other persons similarly situated to him. *See LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 941-42 (7th Cir. 2010). But "[t]he Federal Rules of Civil Procedure do not require a plaintiff to allege legal theories or even facts corresponding to each element of a claim. . . . What matters is whether the raw materials of [the] complaint—the facts—plausibly suggested" a constitutional violation. *Sargeant v. Barfield*, --- F.4th ----, ----, 2023 WL 8224194, at *2 (7th Cir. 2023). Here, Mr. Jackson-Bey alleges that federal officials published a press release falsely reporting that he was convicted of child sex trafficking despite his conviction for trafficking an adult victim. The Court may reasonably infer that the government does not, as a general matter, intentionally publish and then fail to correct press releases falsely reporting that individuals have been convicted of child sex trafficking. Thus Mr. Jackson-Bey has alleged facts that plausibly suggest differential treatment from others similarly situated.

4

Defendant also argues that Plaintiff has failed to negate any possible rational basis for the complained-of action. But Plaintiff has pleaded that Defendant publicly and incorrectly identified him as having committed a sex crime against children. Perhaps there could have been a rational basis for those actions, but Defendant has not identified one, *see* dkt. 34, and Plaintiff's allegations are enough for purposes of Rule 8 of the Federal Rules of Civil Procedure to plausibly plead that there was not one.

Finally, Defendant asserts that Plaintiff failed to adequately allege any *intentional* discrimination by federal agents as required to support a class-of-one action. It is true that the word "intentional" is lacking from the complaint and that the legally-insufficient word "reckless" appears several times. But Plaintiff did allege that the federal agents acted with "intent" and "maliciously," or with "actual malice." Dkt. 2, pp. 5, 8.

More than that, Plaintiff alleges that officials have persisted in maintaining a demonstrable error on a matter that does not involve any exercise of discretion. Those allegations allow inference that federal agents acted intentionally. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 602-03 (2008) (explaining that the Supreme Court has "required that the State provide a rational basis" when there was "a concern of arbitrary classification" and no indication that government officials were "exercising discretionary authority based on subjective, individualized determinations"). Plaintiff has therefore pleaded enough to survive a motion to dismiss for failure to state a claim.

## III. Conclusion and Further Proceedings

Defendant's motion to dismiss is **DENIED**. Dkt. [29]. Defendant is directed to file an answer to Plaintiff's complaint **within 30 days of this Order**.

**SO ORDERED.**

Date: 12/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

HANEEF SHAKEEL JACKSONBEY
10320-027
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521