UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HANEEF SHAKEEL JACKSONBEY,  )<br>  )<br>        Plaintiff,  )<br>  )<br>        v.  )<br>  )<br>UNITED STATES DEPARTMENT OF  )<br>JUSTICE,  )<br>  )<br>        Defendant.  ) | No. 2:22-cv-00469-JPH-MG |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT,
TO STRIKE MOTION TO DISMISS, AND TO AMEND COMPLAINT**

Plaintiff Haneef Shakeel Jacksonbey filed this action alleging that officials of the United States improperly identified him as a child sex trafficker in a public press release and in official documentation of the United States Marshals Service ("USMS"). Dkts. 1, 11. Although Mr. Jacksonbey sought both damages and injunctive relief, the Court ruled at screening that he cannot recover damages for these actions under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but allowed his claim for injunctive relief to proceed. Dkts. 11, 44. The United States Department of Justice ("DOJ") has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that it has corrected the erroneous information referring to Mr. Jacksonbey as a child sex trafficker and this case is therefore moot. Dkt. [50]. For the reasons below, the Court **GRANTS** the motion to dismiss. Such dismissal is **without prejudice** and the Court will grant Mr. Jacksonbey a limited time to file for leave to file an amended complaint. The Court also **DENIES** Mr. Jacksonbey's motions

1

for summary judgment, dkt. [48], to strike the DOJ's motion to dismiss, dkt. [56], and to amend his complaint, dkt. [59]; dkt. [60].

## I. Factual and Procedural Background

In 2010, Mr. Jacksonbey was convicted in federal court of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) and aiding and abetting in violation of 18 U.S.C. § 2. Mr. Jacksonbey was not convicted of any offenses related to trafficking of children, as the district court reviewing his § 2255 motion confirmed. *See United States v. Jackson-Bey*, 2012 WL 209159, at *7 (N.D. Ind. Jan. 23, 2012). However, after Mr. Jacksonbey's conviction and sentencing the Federal Bureau of Investigation issued a press release stating in part, "Haneef Jackson-Bey was sentenced to 180 months' imprisonment after pleading guilty to sex trafficking of children . . . ." Additionally, the USMS incorrectly notated in its custody information for Mr. Jacksonbey that he had been convicted of "Sex Trafficking of Children . . . ." Dkt. 2, p. 4.

On October 20, 2022, Mr. Jacksonbey filed a complaint against Three Unknown Federal Agents. Dkt. 1. The complaint alleges that Mr. Jacksonbey's public naming by the government as an offender against children, which is accessible world-wide on the internet, has significantly harmed his reputation and imposed a stigma greater than would be associated with the crimes of which he actually was convicted. The complaint further states that before filing suit, he sent a "cease and desist" letter to the defendants' place of employment, requesting the removal of the incorrect information and also stating, "Failure to

abide by this Notice will be deemed as [their] intent to maliciously publish and provide false information . . . ." Dkt. 2 at 5. Mr. Jacksonbey sought injunctive relief, plus damages in the amount of $120 million "for the damages incurred to his person and reputation due to the ACTUAL MALICE and RECKLESS DISREGARD of the Defendant's slander . . . ." *Id.* at 8. This Court subsequently screened Mr. Jacksonbey's complaint and ordered dismissal of his claims for damages as an impermissible expansion of a *Bivens* remedy but allowed his claims for injunctive relief to proceed as a class-of-one equal protection claim against the DOJ. Dkt. 11. The Court also denied Mr. Jacksonbey's motion to reconsider the screening order. Dkt. 44. The United States previously moved to dismiss Mr. Jacksonbey's complaint on the basis that it was filed outside the statute of limitations, but later abandoned that assertion and argued that the complaint failed to state a claim for relief. Dkts. 29, 34. The Court denied the motion to dismiss. Dkt. 42.

On January 22, 2024, Mr. Jacksonbey filed a motion for summary judgment. Dkt. 48. In it, he asserted that the DOJ had no rational defense to his claim for injunctive relief.

The DOJ did not directly respond to Mr. Jacksonbey's motion. However, on February 20, 2024, it filed a motion to dismiss for lack of subject-matter jurisdiction, asserting that this case is now moot. Dkt. 50. Specifically, the DOJ has submitted evidence to the Court that it has: (1) corrected the publicly available press release concerning Mr. Jacksonbey's conviction to remove the reference to "child" sex trafficking, dkt. 50-2; (2) corrected the USMS form that

3

had incorrectly referred to a conviction for "child" sex trafficking, dkt. 50-5; and (3) corrected Mr. Jacksonbey's SENTRY records in the Bureau of Prisons to remove a reference to him being convicted of "child" sex trafficking, dkt. 50-7. Mr. Jacksonbey had not directly asked for the SENTRY correction, but the DOJ made it anyway.

On April 25, 2024, Mr. Jacksonbey filed a motion to strike the DOJ's motion to dismiss. Dkt. 56. Part of this motion seems to challenge his underlying criminal prosecution. Then, he points out the DOJ's previous unsuccessful effort(s) to dismiss his complaint. In so doing, he also attacks the integrity of the Court, repeatedly describing the Court as "amicus" of the DOJ and suggesting that it has engaged in "connivance for the [same] defendant [that pays said Amicus' their lofty salaries]." Dkt. 56, p. 4 (brackets in original). In particular, Mr. Jacksonbey is displeased with the Court screening out any claim for damages and for denying his motion for counsel. He goes on to argue that the DOJ should be barred from any further attempts to dismiss this case. And he asserts that the DOJ has now "tamper[ed]" with his evidence in violation of federal criminal law. *Id.* at p. 6. To the extent this motion is directed to the merits of the DOJ's motion to dismiss, he essentially argues that its actions at this point, years after the initial inaccurate information was publicly posted, are insufficient to cure the alleged violation of his constitutional rights.

On June 12, 2024 and August 19, 2024, Mr. Jacksonbey filed separate but similar motions "to amend original complaint." Dkt. 59; dkt. 60. He did not attach a proposed amended complaint to either filing. In the motions, he states

4

that he "believes that he has a more comprehensive complaint approach to this said cause as it relates to the Defendant." Dkt. 59. He requests a 30-day time frame to file an amended complaint. *Id.*

## II. Motion for Leave to Amend Complaint

The Court first address Mr. Jacksonbey's motions for leave to amend his complaint because if such leave were granted, it might moot the DOJ's motion to dismiss. *See, e.g., Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

This case originally was filed on October 20, 2022. Mr. Jacksonbey fails to give any explanation as to why he could not have previously filed an amended complaint. And he gives the Court no indication of what new or different or additional information he might now have that would warrant the filing of amended complaint, more than a year-and-a-half after the original complaint was filed and months after the DOJ filed the current motion to dismiss. Rather, he only vaguely asserts that he "believes that he has a more comprehensive complaint approach to this said cause . . . ." Dkt. 59.

Moreover, he does not attach a copy of a proposed amended complaint to his motion, as required by Local Rule 15-1. "All motions, including a proper request for leave to amend a complaint, must set forth with particularity the relief or order requested and the ground supporting the application." *Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) (citing Fed. R. Civ. P. 7(b)). District courts may require the submission of a copy of the proposed amended complaint, although a motion for leave to amend "itself may be

5

acceptable so long as it puts the opposing party on notice of the content of the amendment." *Id.* Mr. Jacksonbey's current motion does not fulfill these requirements. His motions for leave to amend, dkts. [59]; dkt. [60] are **denied as presented**.

### III. Motion to Dismiss and Mr. Jacksonbey's Related Filings

Before turning to the merits of the motion to dismiss, the Court concludes that Mr. Jacksonbey's motion to strike the DOJ's motion to dismiss does not adequately identify a legal basis for striking the motion. Motions to strike generally are disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike also "is not a mechanism for deciding disputed issues of law or fact . . . ." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011). Here, Mr. Jacksonbey has not identified any misconduct that would warrant striking the motion to dismiss or the brief in support. Rather, he suggests without basis that DOJ employees acted criminally by "altering" evidence in this case, when in fact what they were altering were the very sources of information that Mr. Jacksonbey has been wanting altered.[1]

To the extent Mr. Jacksonbey relies upon Federal Rule of Civil Procedure 12(g)(2), it does not support his position. That Rule provides generally that a

---

[1] In addition to his wholly unsupported accusations against defendant's counsel, Mr. Jacksonbey's motion to strike accuses this Court of acting as "amicus" for the United States in this matter. The Court is independent from the United States DOJ as a party in this matter and has been and will continue to be impartial in this and all cases in which the United States, or any of its agencies or employees, is a party. Mr. Jacksonbey's disagreement with some of the Court's rulings is not an indication of partiality on the Court's part. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

party that has previously filed a motion to dismiss under Rule 12 may not file another motion under the rule "raising a defense or objection that was available to the party but omitted from its earlier motion." However, Rule 12(g)(2) also states that it does not apply to motions allowed by Rule 12(h)(3): "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Thus, the DOJ's previous motion to dismiss does not bar the current motion, which is based on a lack of subject-matter jurisdiction that was not previously available. The Court **denies** Mr. Jacksonbey's motion to strike.  Dkt. [56].

The DOJ's motion to dismiss argues that the remaining claims in Mr. Jacksonbey's complaint are moot under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "Motions to dismiss under Rule  12(b)(1) are  meant  to  test  the sufficiency of the complaint, not to decide the merits of the case." *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.* Further, the Court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

7

The DOJ specifically argues that Mr. Jacksonbey's claims for injunctive relief—the only remaining claims in this case—are moot because it has now corrected all of the incorrect information about Mr. Jacksonbey that formed the basis of his complaint. "A case becomes moot [and the federal courts lose subject matter jurisdiction] when it no longer presents a case or controversy under Article III, Section 2 of the Constitution. 'In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (*quoting Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (*quoting Mills v. Green*, 159 U.S. 651, 653 (1895)).

The Supreme Court recently emphasized that a defendant cannot necessarily "'automatically moot a case' by the simple expedient of suspending its challenged conduct after it is sued.'" *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). On the other hand, "[s]ometimes, events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it. When that happens, a federal court must dismiss the case as moot." *Id.* at 240. To secure dismissal of a case based on "voluntary cessation of a challenged practice," a defendant must "show that the

8

practice cannot reasonably be expected to recur." *Id.* at 241 (cleaned up). This applies to "governmental defendants no less than for private ones." *Id.*

Mr. Jacksonbey does not dispute that the DOJ has in fact corrected the publicly available information that formed the basis of this lawsuit, and even corrected information that was not previously mentioned. He argues, however, that these corrections are insufficient to cure the twelve years of harm he suffered while the false information existed. Dkt. 56, p. 7. While that argument would apply to any claim for money damages in this case, the Court has already determined that he cannot pursue money damages based on binding Supreme Court and Seventh Circuit precedent. He is permitted to seek only injunctive relief, namely correction of the false information. The DOJ has already provided that relief. There is no other apparent relief that the Court could grant Mr. Jacksonbey.

Furthermore, there is no basis for concluding that this case concerns conduct that could recur. In *Fikre*, the plaintiff challenged his placement on the No Fly list kept by the United States and sought an injunction to be removed from the list. The United States subsequently removed him from the list, without explaining why, and stated he would not be placed on the list in the future "based on the currently available information." The Supreme Court held this "terse declaration" was insufficient to make the case moot. *Id.* The Court noted that the plaintiff alleged he had been placed on the list because of his religious beliefs, and the government's promise not to relist him based on "currently available

information" did not prevent it from improperly relisting him based on his future activities. *Id.* at 242.

This case, however, is considerably different than *Fikre* because it concerns a set of erroneously entered information, based on a terminated criminal proceeding, that remained unchanged for over a decade before Mr. Jacksonbey discovered it. There is no question here of an ongoing status of Mr. Jacksonbey's, such as being on a No Fly list, that the government might revisit in the future based on new conduct by Mr. Jacksonbey. There is not merely a "terse declaration" here by the DOJ not to engage in prohibited conduct going forward, but proof of correction of the information, entered well in the past, that forms the sole basis of this lawsuit, and additional information besides that the DOJ voluntarily discovered and corrected.

For these reasons, the Court concludes that Mr. Jacksonbey's action, as screened by the Court, is now moot. The case is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. The DOJ's motion to dismiss, dkt. [50], is **granted**.

Mr. Jacksonbey's motion for summary judgment, filed before the DOJ's motion to dismiss, contended that he was entitled to injunctive relief as a matter of law because the incorrect information was still publicly available as of that date. Dkt. 48, p. 2-3. Again, the DOJ has corrected that information. Mr. Jacksonbey's motion for summary judgment, dkt. [48], likewise is **denied** as moot.

### IV. Opportunity to Move for Leave to Amend

Dismissal of a complaint pursuant to Rule 12(b)(1) "generally should be without prejudice to give the plaintiff an opportunity to amend his complaint to cure the deficiencies that led to dismissal. This is especially true in the case of pro se plaintiffs, for the obvious reason that they are proceeding without the assistance of counsel." *Phillips v. Bd.*, No. 1:17-CV-224, 2017 WL 3503273, at *5 (N.D. Ind. Aug. 15, 2017).

The Court will grant Mr. Jacksonbey an opportunity to move for leave to amend his complaint before entering final judgment, particularly as he has already indicated a desire to amend his complaint. Any such amendment would not be automatically allowed under Federal Rule of Civil Procedure 15(a)(1), as it would be filed well past twenty-one days after the DOJ's first motion to dismiss. Mr. Jacksonbey must file a motion for leave to amend, accompanied by a proposed amended complaint, no later than **October 18, 2024.** Failure to do so will result in final judgment being entered.

### V. Conclusion

The DOJ's motion to dismiss, dkt. [50], is **GRANTED**. Mr. Jacksonbey's motions for summary judgment, dkt. [48], to strike the motion to dismiss, dkt. [56], and to amend his complaint, dkt. [59]; dkt. [60], are **DENIED**. Mr. Jacksonbey has through **October 18, 2024** to file a motion for leave to amend his complaint.

**SO ORDERED.**

Date: 9/17/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

HANEEF SHAKEEL JACKSONBEY
10320-027
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521