UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HANEEF SHAKEEL JACKSONBEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 2:22-cv-00469-JPH-MG |
| ) | |
| UNITED STATES DEPARTMENT OF ) JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING "MOTION TO DISMISS" AND GRANTING MOTIONS TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

On November 5, 2024, the Court entered final judgment in this matter. Dkts. 62, 63. Thereafter, Plaintiff Haneef Shakeel Jacksonbey filed a "Motion to Dismiss," which also requested injunctive relief and the granting of summary judgment in Mr. Jacksonbey's favor. Dkt. 65. Mr. Jacksonbey also has filed a notice of appeal and two motions to proceed on appeal *in forma pauperis*. Dkts. 67, 68, 74. The Court now **DENIES** the "Motion to Dismiss," dkt. [65] and **GRANTS** the motions to proceed on appeal *in forma pauperis*, dkts. [68] and [74], for the reasons below.

### I. "Motion to Dismiss"

Mr. Jacksonbey filed his "motion to dismiss" within 28 days of final judgment. The Court liberally construes this as a motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp.*

1

*v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Mr. Jacksonbey's motion does not demonstrate "manifest error" in the Court's dismissal of this action. It largely restates arguments the Court already thoroughly addressed in its ruling at dkt. 61 and other rulings issued throughout these proceedings. Therefore, the "motion to dismiss," dkt. [65], is **denied**.

## II. Motions to Proceed on Appeal *In Forma Pauperis*

Mr. Jacksonbey filed his first motion to proceed on appeal *in forma pauperis* on December 2, 2024, but the Court informed him it could not rule on the motion without a copy of his institution trust account information for the 6 months preceding the filing of the notice of appeal. Dkt. 72. Mr. Jacksonbey re-filed his motion, with the trust account information attached, with the Court of

2

Appeals on January 6, 2025, which then transmitted the motion to this Court for ruling.

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States*, 369 U.S. 438 (1962). Although the Court found in favor of the defendant on its motion to dismiss, the Court finds that the plaintiff's appeal is not based on a frivolous claim. *Whitaker v. Dempsey*, 83 F.4th 1059, 1062 (7th Cir. 2023) (explaining that a good-faith appeal only requires the district court to conclude that the resolution of the case to be difficult). Accordingly, his appeal is taken in good faith, and because the plaintiff was permitted to proceed *in forma pauperis* in the district court action, his requests for leave to proceed on appeal *in forma pauperis*, dkts. [68] and [74] are **granted**. *See* Rule 24(a)(3) of the Federal Rules of Appellate Procedure.

The plaintiff is assessed an initial partial filing fee of **Thirty-Six Dollars and Thirty-Three Cents ($36.33)**. The plaintiff shall have through **February 5, 2025**, in which to pay this sum to the clerk of the district court. Although the plaintiff is excused from pre-paying the full filing fee, he still must pay the Six Hundred and Five Dollar ($605.00) appellate filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("[T]he prisoner shall be required to pay the full amount of a filing fee.").

### III. Conclusion

Mr. Jacksonbey's "motion to dismiss," dkt. [65], is **DENIED**. His motions to proceed on appeal *in forma pauperis*, dkts. [68] and [74], are **GRANTED** as

discussed above. Finally, the **clerk is directed** to update Mr. Jacksonbey's address on the docket to the address indicated below in the distribution list.

**SO ORDERED.**

Date: 1/9/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

HANEEF SHAKEEL JACKSONBEY
10320-027
USP VICTORVILLE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3900
ADELANTO, CA 92301

4